USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/5/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID FELDMAN *on behalf of himself and all others similarly situated*,

Plaintiff,

v.

UTZ QUALITY FOODS, LLC; GOOD HEALTH NATURAL PRODUCTS, INC.; GOOD HEALTH NATURAL PRODUCTS, LLC; PAT POSTS 1-10 and ABC CORPS. 1-10,

Defendants.

No. 18-CV-6004 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

The Court is in receipt of Defendant's letter, dated January 21, 2020, informing the Court of the California Superior Court's January 14, 2020 final approval of the nationwide class action settlement in *Tran et al. v. Good Health Natural Products, Inc.*, Case Nos. BC561427, BC588986. Dkt. 40. As part of its final approval of the nationwide settlement, the California Superior Court expressly found that "the manner of dissemination and content of the Long-Form/Publication Class Notice" was the "best notice practicable under the circumstances," was "reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the lawsuits and of their right to object to or to exclude themselves from the proposed Settlement," was "reasonable and constitute[d] due, adequate, and sufficient notice to all persons entitled to receive notice," and was in "full compliance with the United States Constitution . . . and the requirements of due process." Dkt. 40-1 ¶ 8. The California Superior Court also found that there were no objections and no opt-outs to the nationwide settlement, and that therefore, all class members were bound by

the settlement agreement, including the release contained in the agreement. *See id.* ¶¶ 9-12. Although Plaintiff argues that he did not receive class notice, *see* Dkt. 41, he does not—and indeed, cannot—argue that he was unaware of the nationwide settlement or the process for opting out. *See* Dkt. 34-1 ¶ 12; *see also* Dkts. 34, 36, 37. In fact, this Court previously recognized that the deadline for requesting exclusion for the nationwide settlement class was July 5, 2019, and advised Plaintiff that if he did not inform the Court of his request to opt out of the nationwide settlement, including by submitting proof of his opt-out, the Court would assume he had chosen to remain in the settlement class. *See* Dkt. 38. Plaintiff thus cannot reasonably argue that he was not on notice of the settlement or the process for opting out. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (rejecting argument that class members be given a second opportunity to opt out after the terms of a settlement are announced) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992)). As Plaintiff never opted out of the nationwide settlement, he is bound by the terms of the settlement agreement, including its release. *See* Dkt. 40-1 ¶¶ 9, 12. Accordingly, this action is dismissed with prejudice.

SO ORDERED.

Dated: February 5, 2020
        New York, New York

Ronnie Abrams
United States District Judge